**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **FURNELL MILLS,** ) | **CASE NO.  1:13 CV 439** |
| ) | |
| Petitioner, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **DAVID BOBBY, WARDEN,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Magistrate's Report and Recommendation ("R&R").  (**Doc #: 14**.) The Magistrate Judge recommends that the Court deny Petitioner Furnell Mills' Petition for Writ of Habeas Corpus, filed under 28 U.S.C. § 2254 ("the § 2254 Petition").  (**Doc #: 1**.)  Mills has filed Objections.  (**Doc #: 16**.)  The Court has reviewed the record and is prepared to enter a ruling.

**I.**

Petitioner Furnell Mills was convicted by a jury of kidnapping, felonious assault, aggravated robbery and carrying a concealed weapon when he robbed Brian Boyd and then shot him in the back on New Years Eve 2009.  Mills unsuccessfully challenged Boyd's photo identification of him in a suppression motion before the trial court and on direct appeal.  He now contends that the state trial court's admission of Boyd's identification of him in a photo array and at trial violated his Fourteenth Amendment due process rights.

In reviewing a due-process claim challenging an identification procedure, the Supreme Court has adopted the following two-part test:

> (1) the defendant must show the identification procedure was impermissibly suggestive, and (2) if the procedure was suggestive, the court examines the totality of the circumstances to determine whether the identification was nonetheless reliable. . . .In examining the totality of the circumstances, this court considers several factors, including: (1) the witness's opportunity to view the criminal at the time of the crime; (2) the witness's degree of attention at the time of the crime; (3) the accuracy of the witness's prior description of the defendant; (4) the witness's level of certainty when identifying the suspect at the confrontation; and (5) the length of time that has elapsed between the crime and the confrontation.

*Grayer v. McKee*, 149 Fed. Appx. 435, 438 (6th Cir. 2005) (citing *United States v. Hill*, 967 F.2d 226, 230 (6th Cir. 1992), in turn citing *Neil v. Biggers*, 409 U.S. 188, 198-200 (1972)) and *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977)).

In the § 2254 petition, Mills argues that, when police advised Boyd that a suspect had been arrested, that fact alone impermissibly suggested to Boyd that the prime suspect in the investigation was in the photo array shown to him. He then went on to argue, addressing the five factors in the second *Biggers* prong, that the totality of the circumstances demonstrated that Boyd's identification of him was not only unduly suggestive but constitutionally unreliable.

The Magistrate Judge, who reviewed the transcript of the suppression hearing, found that the trial court fully addressed the first prong of the *Biggers* test and properly concluded that Mills failed to demonstrate that the identification procedure was unduly suggestive:

> The court considered that the procedure in compiling the array appeared to follow the department procedures in terms of using a computer program to find pictures of individuals with similar characteristics and to randomly place the photos in an array. Detective Legg testified that he generated a photographic lineup that was compiled from the police photo laboratory (Docket No. 4-7, pp. 88-89 of 125). . . . Petitioner does not challenge the size of the array, the details of the photographs pulled for the array or the content of the array.

\* \* \*

> The unrefuted testimony of Detective Legg was that he did not tell Mr. Boyd that the suspect was in the photographic array. Petitioner was never singled out; rather, Detective Legg gave Mr. Boyd the photographs and walked to the other side of the hospital room (Docket No. 4-7, p. 90 of 125). This evidence does not render the identification and Mr. Boyd's selection in the photographic array per se unreliable or unduly suggestive.

(R&R at 12.) Although the trial court was no longer obligated to address the second prong of the *Biggers* test, it did so and concluded, based on the totality of the circumstances, that Mr. Boyd's identification of Mills was reliable. The Magistrate Judge agrees with the trial court's conclusion for the reasons succinctly explained at pages 12-14 of the R&R.[1]

The Court has reviewed Mills' Objection, which begins:

> The R&R places *too much reliance* on the fact that Det. Legg expressly denied telling the victim that the suspect's photo was included in the array. Respectfully, this misses the point. Regardless of what Det. Legg may or may not have said, victim Boyd testified that it was his understanding that the suspect's photo was present. And this is the crucial point in assessing reliability. Put another way, this Court *need not find that the pretrial identification procedure was unduly suggestive* because the police were at fault in creating the unduly suggestive circumstance – what matters is whether the witness (Boyd) was in a position to believe that he could not make an identification of the array presented to him without giving a "wrong" answer.

(Doc #: 16 at 1 (emphasis added)). Mills then repeats the arguments he made in his traverse with regard to the five factors relevant to the second prong of the *Biggers* test. (See Doc #: 13 at 4.)

Mills misses the point. The trial court, the state appeals court, the Magistrate Judge and now the undersigned all agree that Mills has failed to carry his <u>threshold</u> burden of demonstrating the first prong of the *Biggers* test, i.e., that the photo array was unduly suggestive.

---

[1]On direct appeal, the Eighth District Court of Appeals cited the proper Supreme Court case and standard when analyzing this due-process assignment of error, concluded that Mills failed to satisfy his burden under the first prong of the *Biggers* test, and declined to address the second *Biggers* prong. *See State v. Mills*, 2011-Ohio-3837 ¶¶ 24, 25 (Ohio App. 8 Dist.)

The procedure described by Detective Legg for generating a photo array is virtually unassailable. (See Doc #: 4-7, Supp. Hrg Tr., at 88.)  Furthermore, it is undisputed that Detective Legg did not tell Boyd that Mills was in the photo array.  (Id. at 90 ("And when I set it down, I explained to him to look at the photo array, if you see anybody in there you recognize, let me know.  I walked back over towards the entrance door to the hospital room."))  Whether Boyd thought his assailant might be in the photo array, or assumed that he was, is of no particular moment.  It took him little time to identify Mills once he regained full consciousness following his assault.

## II.

In sum, Mills has failed to show that the state court's decision was contrary to, or involved the unreasonable application of, clearly established Supreme Court law.  28 U.S.C. § 2254(d).  Accordingly, the Court **ADOPTS** the R&R (Doc #: 14), **OVERRULES** the Objections (Doc #: 16), **DENIES** the § 2254 Petition (Doc #: 1).  The case is, therefore, **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

 /s/ Dan A. Polster     March 4. 2014  
**Dan Aaron Polster**  
**United States District Judge**